IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:

LISA CONNER,
   Plaintiff,

v,

MARRIOTT HOTEL SERVICES, INC. d/b/a
JW MARRIOTT MARCO ISLAND,
CINEPLEX PREMIER AMUSEMENT INC./TRICORP AMUSEMENTS,
and SHARON LOCKWOOD,
   Defendants,
_____/

## COMPLAINT

The Plaintiff, Lisa Conner (hereinafter "Plaintiff"), by and through the undersigned counsel, files this lawsuit against the Defendants, MARRIOTT HOTEL SERVICES, INC. d/b/a JW MARRIOTT MARCO ISLAND (hereinafter "Defendant Marriott"), CINEPLEX PREMIER AMUSEMENT INC./TRICORP AMUSEMENTS (hereinafter "Defendant Cineplex"), and SHARON LOCKWOOD (hereinafter "Defendant Lockwood"), and as grounds therefore would state as follows:

### JURISDICTION AND PARTIES

1. This is an action for damages in excess of $30,000.00 and is in the jurisdiction of this Honorable Court.

2. The Twentieth Judicial Circuit has venue pursuant to Fla. Stat. § 47.011 because the cause of action accrued in Collier County, Florida.

3. At all times material hereto, the Plaintiff was an invitee on Defendant Marriott's premises.

4. At all times material hereto, Defendant Marriott was authorized to conduct business in the state of Florida and conducted business in Collier County, Florida.

5. At all times material hereto, Defendant Cineplex was not authorized to conduct business in the state of Florida, however, did conduct business in Collier County, Florida.

6. At all times material hereto, Defendant Lockwood was the General Manager of JW MARRIOTT MARCO ISLAND located at 400 South Collier Boulevard, Marco Island, FL 34145.

7. The Plaintiff has complied with all conditions precedent prior to filing this Complaint.

### FACTUAL BACKGROUND

8. Defendant Marriott is the owner of JW MARRIOTT MARCO ISLAND located at 400 South Collier Boulevard, Marco Island, FL 34145.

9. The JW MARRIOTT MARCO ISLAND location includes a game room referred to as "10k Alley."

led by eFileMadeEasy.com: Filing #106514370 Electronically Filed 04/21/2020 02:33:31 PM

10. At all times material hereto, Defendant Lockwood was the General Manager in charge of JW MARRIOTT MARCO ISLAND. Part of Defendant Lockwood's job description included supervising the maintenance and operation of the JW MARRIOTT MARCO ISLAND property, including the game room referred to as "10k Alley."

11. On October 7, 2018, the Plaintiff was an invitee staying at the JW MARRIOTT MARCO ISLAND location, along with her family.

12. During the course of her stay at Defendant Marriott's property, the Plaintiff visited "10k Alley."

13. One of the attractions on offer within "10k Alley" was a "Hologate" virtual reality gaming system.

14. The "Hologate" virtual reality gaming system was maintained and serviced by Defendant Cineplex.

15. The virtual reality system consists of, among other things, a headset device which obstructs the user's eyes and ears to immerse the user in a variety of different video game simulations.

16. The "Hologate" virtual reality system tracks users' real-world movements to allow users to avoid "dangers" presented by the video game.

17. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned of any risk of injury or cautioned about any physical requirements necessary to utilize the "Hologate" virtual reality system.

18. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned of the potential for physical disorientation that might result from use of the "Hologate" virtual reality system.

19. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned of any risk of emotional or psychological reactions a player may experience while engaged in virtual reality activities.

20. The Plaintiff had no prior experience with virtual reality gaming systems prior to October 7, 2018.

21. The Plaintiff had no reason to believe that the activity she was participating in was any more physically dangerous than an average video game.

22. At the time the Plaintiff engaged with the "Hologate" virtual reality system, the Plaintiff was wearing high heels.

23. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned that she would need appropriate footwear to participate in virtual reality activities.

24. The Plaintiff was neither asked to sign a liability waiver from the use of the "Hologate" virtual reality system, nor was she afforded the opportunity to read a waiver that might have alerted her to the potential dangers associated with the "Hologate" virtual reality system's use.

25. During the course of the Plaintiff's use of the "Hologate" virtual reality system, the Plaintiff was thrown off balance by the simulation's physical requirements and startling psychological effects, causing her to fall.

**COUNT I: NEGLIGENCE (Lisa Conner v. Marriott Hotel Services, Inc. d/b/a**

**JW Marriott Marco Island)**

26. The Plaintiff re-states and re-alleges paragraphs one through twenty-five (1-25) of this Complaint as if fully set forth herein and further states as follows:

27. The hazards presented by the "Hologate" virtual reality system were neither open, nor obvious to the Plaintiff.

28. The hazards presented by the "Hologate" virtual reality system were exclusively known to Defendant Marriott.

29. Defendant Marriott owed a common law non-delegable duty to Plaintiff to maintain the subject premises, including the "10k Alley" area, in a reasonably safe condition and to warn Plaintiff of any dangerous conditions on the premises of which it knew or should have known.

30. Defendant Marriott breached its duties to Plaintiff in one or more of the following respects including but not limited to:

    a. Failing to maintain safe operation of the "Hologate" virtual reality system.

    b. Failing to maintain the premises in a reasonable safe condition by creating and/or permitting to exist a dangerous, hazardous, and unsafe condition on the subject premises.

    c. Failing to exercise reasonable care in supervising the use of the "Hologate" virtual reality system.

    d. Failing to warn Plaintiff of the latent perils on the "Hologate" virtual reality system in question which were or should have been known to Defendant Marriott.

    e. Failing to anticipate the harm caused to Plaintiff.

    f. Failing to take other measures which were necessary and reasonable to protect Plaintiff

31. Because the duty of Defendant Marriott is non-delegable, Defendant Marriott is directly liable for any breach thereof.

32. As a direct and proximate result of the negligence of Defendant Marriott and its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

**COUNT II: NEGLIGENCE (Lisa Conner v. Cineplex Premier Amusement Inc./Tricorp Amusements)**

33. The Plaintiff re-states and re-alleges paragraphs one through twenty-five (1-25) of this Complaint as if fully set forth herein and further states as follows:

34. Defendant Cineplex owed a legal duty to Plaintiff to exercise reasonable care to maintain the premises, including the subject "Hologate" virtual reality system, in a reasonably safe condition.

35. Defendant Cineplex further owed a duty to Plaintiff to warn Plaintiff of perils which were or should have been known to Defendant Cineplex.

36. Defendant Cineplex breached its duties to Plaintiff in one or more of the following respects including but not limited to:

    a. Failing to maintain safe operation of the "Hologate" virtual reality system.
    b. Failing to train Defendant Marriott's staff in the safe operation of the "Hologate" virtual reality system.
    c. Failing to warn Plaintiff of the latent perils inherent to the "Hologate" virtual reality system which were or should have been known to Defendant Cineplex.
    d. Failing to anticipate the harm caused to Plaintiff.
    e. Failing to take reasonable measures to correct this dangerous, hazardous, and unsafe condition in the "Hologate" virtual reality system.
    f. Failing to take other measures which were necessary and reasonable to protect Plaintiff.

37. As a direct and proximate result of the negligence of Defendant Cineplex and its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

### COUNT III: NEGLIGENCE (Lisa Conner v. Sharon Lockwood)

38. The Plaintiff re-states and re-alleges paragraphs one through twenty-five (1-25) of this Complaint as if fully set forth herein and further states as follows:

39. On or about October 7, 2018, Defendant Lockwood, as General Manager of JW MARRIOT MARCO ISLAND, owed Plaintiff the duty to exercise reasonable care for the safety of Plaintiff. This duty includes, but is not limited to:

    a. The duty to supervise the maintenance and operation of the JW MARRIOT MARCO ISLAND property, including the game room referred to as "10k Alley," to ensure that it is kept and operated in a reasonably safe condition.

40. Defendant Lockwood and her employees and/or agents breached their duties to Plaintiff in one or more of the following respects including but not limited to:

    a. Failing to maintain safe operation of the "Hologate" virtual reality system.
    b. Failing to maintain the premises in a reasonable safe condition by creating and/or permitting to exist a dangerous, hazardous, and unsafe condition on the subject

Page 4 of 5

premises.

c. Failing to exercise reasonable care in supervising the use of the "Hologate" virtual reality system.

d. Failing to warn Plaintiff of the latent perils on the "Hologate" virtual reality system in question which were or should have been known to Defendant Marriott.

e. Failing to anticipate the harm caused to Plaintiff.

f. Failing to take other measures which were necessary and reasonable to protect Plaintiff

41. As a direct and proximate result of the negligence of Defendant Lockwood, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

**WHEREFORE**, the Plaintiff, Lisa Conner, sues the Defendants, JW MARRIOTT MARCO ISLAND, CINEPLEX PREMIER AMUSEMENT INC./TRICORP AMUSEMENTS, and SHARON LOCKWOOD, for damages plus costs and demands a trial by jury in this cause and any other such relief the Court deems just and proper.

*CB.D*

Cory A. Baird, Esquire (FBN: 550965)
Baird Law Group
214 South Armenia Avenue
Tampa, FL 33609
(813) 849-2679
Primary: cbaird@bairdfirm.com
Secondary: assistant@bairdfirm.com
Attorney for Plaintiff