UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA CONNER,

    Plaintiff,

v.                                      Case No.: 2:20-cv-840-FtM-38NPM

MARRIOTT HOTEL SERVICES, INC. and PREMIER AMUSEMENTS, INC.,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Defendant Premier Amusements, Inc.'s Motion to Dismiss (Doc. 6) and Plaintiff Lisa Conner's response in opposition (Doc. 11).

This is a negligence case. While at Defendant Marriot Hotel Services, Inc.'s hotel, Conner played a virtual reality game. Premier maintained and serviced the hotel's gaming system. During play, Conner lost balance and fell. She sued each Defendant for negligence. Now, Premier moves (in part) to dismiss the complaint as a shotgun pleading.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A complaint is a shotgun pleading if it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). At bottom, shotgun complaints don't "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Count 2 is a shotgun pleading. While simply titled "Negligence" against Premier, it appears to assert several separate causes of action as one. For instance, Count 2 possibly alleges simple negligence, premises liability, failure to warn (which could support premises or products liability), failure to train, and defective product. To be sure, these are all theories within the negligence tent. But they are independent claims with distinct elements requiring different factual support. So Connor must plead them separately and clarify the theories on which she relies, along with the facts underlying each claim.

Connor contends Count 2 is enough because it pleads the duties, facts, and "various ways" by which Premier's negligence caused her damages. (Doc. 11 at 6). That argument, however, misses the mark. Count 2 fails because it alleges so many different claims in one count. What is more, the causes of action raised in Count 2 are unclear. The recitation of claims above is merely the Court and Premier taking our best guesses on the theories Connor pursues. When several unclear causes of action are pled in one count—even for related theories of negligence—the best course is to order repleader. *Johnson v. Nocco*, No. 8:20-cv-1370-T-60JSS, 2020 WL 6701606, at \*6 (M.D. Fla. Nov. 13, 2020); *Pinto v. Collier Cnty.*, No. 2:19-cv-551-FtM-60MRM, 2019 WL 5722172, at \*2 (M.D. Fla. Nov. 5, 2019).[2]

In short, Count 2 must be repled. When dismissing for shotgun pleading, the Court must allow a chance to amend when (as here) plaintiff requests the opportunity. *Shabanets*, 878 F.3d at 1295-96. So Connor must file an amended complaint correcting the defects. As best the Court can tell, Count 1 simply alleges premises liability against Marriott. It, therefore, does not appear to

---

[2] *See also Johnson v. Carnival Corp.*, No. 19-cv-23167-BLOOM/Louis, 2020 WL 128179, at \*3 (S.D. Fla. Jan 10, 2020); *Barmapov-Segev v. City of Miami*, No. 19-23742-Civ-Scola, 2019 WL 6170332, at \*5 (S.D. Fla. Nov. 20, 2019); *Thanas v. Royal Caribbean Cruises Ltd.*, No. 19-21392-Civ-Scola, 2019 WL 1755510, at \*1-2 (S.D. Fla. Apr. 19, 2019); *Kercher v. Carnival Corp.*, No. 19-21467-Civ-Scola, 2019 WL 1723565, at \*1-2 (S.D. Fla. Apr. 18, 2019); *Roberts v. Victoria's Secret Stores, LLC*, No. 18-cv-61534-MORENO/SELTZER, 2018 WL 4828448, at \*3 (S.D. Fla. Sept. 7, 2018); *O'Brien v. NCL (Bah.) Ltd.*, No. 16-23284-CIV-LENARD/GOODMAN, 2016 WL 11504098, at \*2-3 (S.D. Fla. Nov. 18, 2016).

suffer from the same defects as Count 2. To the extent that Connor intended to allege several negligence claims against Marriott in one count, she should correct those issues too. Given the shotgun pleading conclusion, it is unnecessary to reach Premier's argument on failing to state a duty.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. 6) is **GRANTED in part**.

(2) Plaintiff's Amended Complaint (Doc. 3) is **DISMISSED without prejudice**.

(3) Plaintiff must **FILE** an amended complaint **on or before December 7, 2020**. **The failure to file a timely amended complaint will result in the closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 23, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record