IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LISA CONNER

        Plaintiff,

v.                                     CASE NO.: 2:20-cv-00840-SPC-NPM

MARRIOTT HOTEL SERVICES,
INC., d/b/a JW MARRIOTT MARCO
ISLAND, and PREMIER AMUSEMENT,
INC. as successor to TRICORP
AMUSEMENTS, INC.

        Defendants.
_____/

## SECOND AMENDED COMPLAINT

### (Amends only Allegations against PREMIER AMUSEMENTS, INC)

The Plaintiff, Lisa Conner (hereinafter "Plaintiff"), by and through the undersigned counsel, files this Second Amended Complaint against the Defendants, MARRIOTT HOTEL SERVICES, INC. d/b/a JW MARRIOTT MARCO ISLAND (hereinafter "Defendant Marriott"), and PREMIER AMUSEMENTS, INC. AS SUCCESSOR TO TRICORP AMUSEMENTS, INC. (hereinafter "Defendant Premier"), and as grounds therefore would state as follows:

### JURISDICTION AND PARTIES

1. This is an action for damages in excess of $30,000.00 and is in the jurisdiction of this Honorable Court.

2. The Twentieth Judicial Circuit has venue pursuant to Fla. Stat. § 47.011 because the cause of action accrued in Collier County, Florida.

3. At all times material hereto, the Plaintiff was an invitee on Defendant Marriott's premises.

4. At all times material hereto, Defendant Marriott was authorized to conduct business in the state of Florida and conducted business in Collier County, Florida.

5. At all times material hereto, Defendant Premier was authorized to conduct business in the state of Florida, however, did conduct business in Collier County, Florida.

6. The Plaintiff has complied with all conditions precedent prior to filing this Complaint.

## FACTUAL BACKGROUND

7. Defendant Marriott is the owner of JW MARRIOTT MARCO ISLAND located at 400 South Collier Boulevard, Marco Island, FL 34145.

8. The JW MARRIOTT MARCO ISLAND location includes a game room referred to as "10k Alley."

9. On October 7, 2018, the Plaintiff was an invitee staying at the JW MARRIOTT MARCO ISLAND location, along with her family.

10. During the course of her stay at Defendant Marriott's property, the Plaintiff visited "10k Alley."

11. One of the attractions on offer within "10k Alley" was a "Hologate" virtual reality gaming system.

12. The "Hologate" virtual reality gaming system was maintained and serviced by Defendant Premier.

13. The virtual reality system consists of, among other things, a headset device which obstructs the user's eyes and ears to immerse the user in a variety of different video game simulations.

14. The "Hologate" virtual reality system tracks users' real-world movements to allow users to avoid "dangers" presented by the video game.

15. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned of any risk of injury or cautioned about any physical requirements necessary to utilize the "Hologate" virtual reality system.

16. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned of the potential for physical disorientation that might result from use of the "Hologate" virtual reality system.

17. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned of any risk of emotional or psychological reactions a player may experience while engaged in virtual reality activities.

18. The Plaintiff had no prior experience with virtual reality gaming systems prior to October 7, 2018.

19. The Plaintiff had no reason to believe that the activity she was participating in was any more physically dangerous than an average video game.

20. At the time the Plaintiff engaged with the "Hologate" virtual reality system, the Plaintiff was wearing high heels.

21. Prior to the Plaintiff's participation in virtual reality gaming, the Plaintiff was not warned that she would need appropriate footwear to participate in virtual reality activities.

22. The Plaintiff was neither asked to sign a liability waiver from the use of the "Hologate" virtual reality system, nor was she afforded the opportunity to read a waiver that might have alerted her to the potential dangers associated with the "Hologate" virtual reality system's use.

23. During the course of the Plaintiff's use of the "Hologate" virtual reality system, the Plaintiff was thrown off balance by the simulation's physical requirements and startling psychological effects, causing her to fall.

### COUNT I: NEGLIGENCE (Lisa Conner v. Marriott Hotel Services, Inc. d/b/a JW Marriott Marco Island)

24. The Plaintiff re-states and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as if fully set forth herein and further states as follows:

25. The hazards presented by the "Hologate" virtual reality system were neither open, nor obvious to the Plaintiff.

26. The hazards presented by the "Hologate" virtual reality system were exclusively known to Defendant Marriott.

27. Defendant Marriott owed a common law non-delegable duty to Plaintiff to maintain the subject premises, including the "10k Alley" area, in a reasonably safe condition and to warn Plaintiff of any dangerous conditions on the premises of which it knew or should have known.

28. Defendant Marriott breached its duties to Plaintiff in one or more of the following respects including but not limited to:

a.  Failing to maintain safe operation of the "Hologate" virtual reality system.

    b.  Failing to maintain the premises in a reasonable safe condition by creating and/or permitting to exist a dangerous, hazardous, and unsafe condition on the subject premises.

    c.  Failing to exercise reasonable care in supervising the use of the "Hologate" virtual reality system.

    d.  Failing to warn Plaintiff of the latent perils on the "Hologate" virtual reality system in question which were or should have been known to Defendant Marriott.

    e.  Failing to anticipate the harm caused to Plaintiff.

    f.  Failing to take other measures which were necessary and reasonable to protect Plaintiff

29. Because the duty of Defendant Marriott is non-delegable, Defendant Marriott is directly liable for any breach thereof.

30. As a direct and proximate result of the negligence of Defendant Marriott and its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

## COUNT II: NEGLIGENCE
**(Lisa Conner v. Premier Amusements, Inc. as Successor to Tricorp Amusements, Inc.)**

31. The Plaintiff re-states and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as if fully set forth herein and further states as follows:

32. Defendant Premier owed a legal duty to Plaintiff to exercise reasonable care to maintain the premises, including the area containing the subject "Hologate" virtual reality system, in a

reasonably safe condition and free from risks known to Defendant, but not apparent to Plaintiff.

33. Defendant Premier breached its duty to Plaintiff by failing to maintain the area containing the subject "Hologate" virtual reality system free from risk of harm from disorientation, and emotional and psychological reactions to said game or take reasonable measures to correct this dangerous, hazardous, and unsafe condition in the "Hologate" virtual reality system.

34. As a direct and proximate result of the negligence of Defendant Premier and its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

## COUNT III: STRICT LIABILITY FAILURE TO WARN
**(Lisa Conner v. Premier Amusements, Inc. as Successor to Tricorp Amusements, Inc.)**

35. The Plaintiff re-states and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as if fully set forth herein and further states as follows:

36. Defendant Premier operated a "Hologate" virtual reality system, which posed risks of harm known or foreseeable to Premier, but not Plaintiff, which could have been reduced or avoided by providing reasonable instructions or warnings.

37. Defendant, Premier, failed to provide instructions or warnings to Plaintiff, including but not limited to instructions regarding footwear and warnings regarding disorientation, and emotional and psychological reactions.

38. Defendant, Premier's failure to provide instructions or warnings makes the "Hologate" virtual reality system unreasonably dangerous.

39. As a direct and proximate result of the failures of Defendant Premier and its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

## COUNT IV: NEGLIGENT FAILURE TO WARN
### (Lisa Conner v. Premier Amusements, Inc. as Successor to Tricorp Amusements, Inc.)

40. The Plaintiff re-states and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as if fully set forth herein and further states as follows:

41. Defendant Premier operated a "Hologate" virtual reality system, which posed risks of harm known or foreseeable to Premier, but not Plaintiff, which could have been reduced or avoided by providing reasonable instructions or warnings.

42. Defendant, Premier, negligently failed to use reasonable care, by failing to give appropriate warning about particular risks involved in the use of the "Hologate" virtual reality system, including but not limited to instructions regarding footwear and warnings regarding disorientation, and emotional and psychological reactions.

43. As a direct and proximate result of the negligence of Defendant Premier and its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that

any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

## COUNT V: NEGLIGENT MODE OF OPERATIONS
**(Lisa Conner v. Premier Amusements, Inc. as Successor to Tricorp Amusements, Inc.)**

44. The Plaintiff re-states and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as if fully set forth herein and further states as follows:

45. Defendant Premier owed a legal duty to Plaintiff not to create a dangerous or unsafe condition through its selected mode of operations.

46. Defendant, Premier, could reasonably anticipate that a mode of operations whereby its employees and/or actual or apparent agents failed to instruct customers regarding appropriate footwear and the disorientation, and emotional and psychological reactions to expect, would pose the likelihood for injury.

47. Defendant, Premier, failed to exercise reasonable care to take actions to reduce, minimize or eliminate the foreseeable risk that a customer would be injured by inappropriate footwear, and the disorientation, and emotional and psychological reactions to the "Hologate" virtual reality system.

48. As a direct and proximate result of the negligent mode of operations of Defendant Premier and its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

## COUNT VI: NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION OF EMPLOYEES/AGENTS

### (Lisa Conner v. Premier Amusements, Inc. as Successor to Tricorp Amusements, Inc.)

49. The Plaintiff re-states and re-alleges paragraphs one through twenty-three (1-23) of this Complaint as if fully set forth herein and further states as follows:

50. Defendant Premier owed a legal duty to Plaintiff to exercise reasonable care in the hiring, training, supervision and retention of the employees and agents who operated the "Hologate" virtual reality system, to ensure against foreseeable risk of injury from the lack of instructions and warnings.

51. Defendant Premier breached its duty by failing to hire, supervise, train or retain employees and/or agents to provide appropriate instructions and warnings to customers participating in the "Hologate" virtual reality system.

52. As a direct and proximate result of the Defendant, Premier's, negligent hiring, supervision, training and retention of its agents or employees, the Plaintiff has sustained serious bodily injuries, resulting in pain and suffering, aggravation of pre-existing injuries and/or conditions, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense for hospitalization, loss of earnings, out-of-pocket expenses, therapy treatment expenses, and will undergo future medical expenses and loss of ability to earn money. These damages have been incurred in the past and will be incurred in the future. The Plaintiff has sustained a permanent injury within a reasonable degree of medical probability. However, should it be determined that any such bodily injuries are not permanent, the Plaintiff claims entitlement to all injuries and damages resulting from non-permanent injuries sustained.

**WHEREFORE**, the Plaintiff, Lisa Conner, sues the Defendants, JW MARRIOTT MARCO ISLAND and PREMIER AMUSEMENTS, INC. AS SUCCESSOR TO TRICORP AMUSEMENTS, INC., for damages plus costs and demands a trial by jury in this cause and any other such relief the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's ECF to all Counsel of Record on this 7th day of December, 2020.

Respectfully submitted,

_s/ *Jason Mulholland*_____
Jason Mulholland, Esquire
Florida Bar No.: 174572
MULHOLLAND LAW, P.A.
9312 North Armenia Avenue
Tampa, Florida 33618
(813) 935-8256
(813) 935-8402 facsimile
Email: jason@mul-law.com

and

Cory A. Baird, Esquire (FBN: 550965)
Baird Law Group
214 South Armenia Avenue
Tampa, FL 33609
(813) 849-2679
Primary: cbaird@bairdfirm.com
Secondary: assistant@bairdfirm.com
Attorneys for Plaintiff