UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA CONNER,

    Plaintiff,

v.                                            Case No. 2:20-cv-840-SPC-NPM

MARRIOTT HOTEL SERVICES, INC.
and PREMIER AMUSEMENTS, INC.,

    Defendants.

**ORDER**

Before the Court is Defendant Premier Amusement, Inc. and Marriott Hotel Services, Inc.'s Motion to Perform Medical Examination (Doc. 48, 57). Plaintiff Lisa Connor opposes the motion in its entirety. (Doc. 55). At the Court's direction (Doc. 56), Defendants filed an unredacted version of its motion and directed Defendants to file a reply to Plaintiff's response to address Plaintiff's requested conditions for a physical examination (Doc. 55, pp. 4-6). The matter is now ripe for review. For the following reasons, the motion (Doc. 48, 57) is granted.

**I.    Background**

This action arises from an injury Plaintiff allegedly sustained while playing a Hologate virtual reality game at the JW Marriott Hotel in Marco Island, Florida. (Doc 43, ¶¶ 7-23). Plaintiff alleges she was wearing high heels while playing with

the Hologate system but lost her balance and fell. (Doc. 43, ¶¶ 20, 23). Now she brings one count for negligence against Defendant Marriott and failure-to-warn counts in strict liability and negligence against Defendant Premier. (Doc. 43).

Defendants wish to conduct an in-person medical examination of Plaintiff within the Middle District of Florida. (Doc. 48, 57). However, Plaintiff resides in Virginia and has a serious medical condition that she claims makes her vulnerable and at a higher risk of severe infection if exposed to Covid-19. (Doc. 55). Plaintiff requested that any examination take place in Virginia or by Zoom (Doc. 55, pp. 1-2), but Defendant's chosen physician is within the District and is licensed to practice only in Florida (Doc. 57, pp. 4-5). While the main point of contention is the location of the Rule 35 examination, Plaintiff also briefly argued that there is no real controversy about her injuries, and no good cause exists for the examination. (Doc. 55, pp. 3-4).

II.   **Law and Discussion**

   A.   **Entitlement to Rule 35 Examination**

A court has broad discretion to compel or deny discovery. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014); *NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 3:10-cv-483-J-32MCR, 2011 WL 6780879, *2 (M.D. Fla. Dec. 27, 2011). "The trial court is given wide discretion in setting the limits of discovery, and its judgment will be overturned only when a clearly erroneous

principle of law is applied or no evidence rationally supports the decision." *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 354 (11th Cir. 2012) (cleaned up) (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 35(a) falls under this scope of discovery umbrella and provides, in part, that:

> (1) . . . The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
>
> (2) . . . The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

For the Court to grant motions under Rule 35, the party requesting a mental or physical examination must have "adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964); *see also Barnello v. Bayview Loan Servicing, LLC*, No. 6:14-cv-1383-Orl-41TBS, 2015 WL 6165277, *2 (M.D. Fla. Oct. 20, 2015) (quoting *Schlagenhauf*, 379 U.S. at 118-119). The Supreme Court has held that these requirements "are not met by mere conclusory allegations of the pleadings—nor by

mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf*, 379 U.S. at 118. Rule 35 "requires discriminating application by the trial judge" because it has the added "good cause" requirement, which indicates "that there must be greater showing of need … than under the other discovery rules." *Id.*

But situations exist in which the pleadings alone may suffice to meet these requirements. *Id.* at 119. Specifically, a "plaintiff in a negligence action who asserts … physical injury … places that … physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* Likewise, courts in this District have ordered Rule 35 examinations based on pleadings that allege physical injuries due to a defendant's negligence. *See Roberson v. Church*, No. 3:09-cv-372-J-34MCR, 2009 WL 5214989, *1-2 (M.D. Fla. Dec. 29, 2009); *Ronco v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-cv-1238-J-JRK, 2015 WL 13567351, *1 (M.D. Fla. Aug. 7, 2015).

Plaintiff has placed her physical condition in controversy by alleging that Defendants' negligence caused serious and permanent bodily injuries. (Doc. 43, ¶¶ 30, 35, 39); *Schlagenhauf*, 379 U.S. at 119. "[T]here is no dispute that [Plaintiff's] injury to her hip occurred when she fell while playing the virtual game," nor "any

4

serious contention" that she was immediately taken to a hospital to undergo hip surgery. (Doc. 55, p. 3). And so Plaintiff claims there is no controversy or good cause for an examination. (Doc. 55, p. 3). The Court is not persuaded.

Plaintiff put her medical condition in controversy, and Defendants have a right to investigate that condition, especially given Plaintiff's complex medical history and the potential relationship between her preexisting conditions and multiple subsequent surgeries. In order to assess the extent of any impairments due to the broken hip injury, Defendants are entitled under Rule 35 to a physical examination. Not only is Plaintiff's condition in controversy, but Defendants have shown good cause for the examination.

### B.     Rule 35 Examination Protocol

If the threshold determinations of "in controversy" and "good cause" are met, then the Court must address the specifics of the examination, stating "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). Here, Defendants retained Dr. John Shim to conduct a physical examination of Plaintiff. Defendants seek to have the examination conducted in-person and at Dr. Shim's office in Oldsmar, Florida on October 27, 2021 at 2:30 p.m. EST (Doc. 57, p. 10). But Plaintiff seeks to avoid an in-person examination due to the risk of exposure to Covid-19. (Doc. 55, p. 2).

In the event an in-person examination is ordered, Plaintiff provided eleven conditions for the examination (Doc. 55, pp. 4-6), most of which Defendants do not oppose (Doc. 58, pp. 2-4). Upon review of the conditions, stipulations, and deviations suggested by Defendants, the Court adopts the following protocols and safeguards:

> 1. The examination will take place within the Middle District of Florida, in person, and at a mutually agreeable time and place. If the parties cannot agree to a location, Plaintiff may opt to either: (1) travel to Tampa and visit Dr. Shim's office in Oldsmar, Florida; or (2) travel to the northernmost major city in the Middle District – Jacksonville, Florida – and visit with Dr. Shim at a defense-provided location in that vicinity. If the parties do not agree to a date and time, the examination will take place on **October 27, 2021** at **2:30 p.m EST**, unless the new Covid-19 cases in Florida for the most recently reported prior week is 35,000 or more[1] and Plaintiff is unwilling to travel as a result. (*See* Doc. 58, p. 3).[2] If the weekly new case numbers require a postponement of the October 27, 2021 examination, the parties will jointly request an extension of time.
>
> 2. All individuals in attendance must wear a mask.
>
> 3. The examination is not a deposition so the examiner shall be limited to eliciting information reasonably necessary to conduct the specialty-appropriate examination and evaluation of an individual, including a medical history as well as present complaints. No invasive testing shall be performed without informed consent by the Plaintiff, or further court order.
>
> 4. Plaintiff will not be required to complete any lengthy information forms upon arrival at the examiner's office. Plaintiff will furnish the doctor with her name, address, and date of birth. Questions pertaining to how the Plaintiff was injured, and where and how the Plaintiff sustained the injuries complained of, are permitted. Questions pertaining to "fault", when the

---

[1] Notably, as of the state's October 8, 2021 report, the most recent weekly new case number is 25,792—far below 35,000—and six times lower than in the early weeks of August.

[2] The Court agrees with Defendants' suggestion to monitor Florida's Covid-19 cases via the Florida Department of Health Weekly Florida COVID-19 Data Report. (Doc. 58, p. 3).

Plaintiff hired her attorney, who referred the Plaintiff to any doctor, and what the Plaintiff told her attorney or any investigators are NOT permitted.

5. It shall be the defense attorney's responsibility to provide the examiner with all medical records, imaging studies, test results, and the like, which the defense wants the examiner to review and rely upon as part of the examination. Unless she has exclusive control of any original records or imaging studies, Plaintiff shall not be required to bring anything to the exam other than valid identification (e.g., driver's license, state-issued identification card or government-issued passport).

6. Plaintiff's counsel may send a court reporter or a videographer to the examination, provided that plaintiff counsel notifies defense counsel at least 5 days in advance of the identity, either by proper name or by title (e.g., videographer from XYZ Reporting Service). It is the duty of defense counsel to relay this information to the examiner's office personnel.

7. Plaintiff is permitted to have her attorney (and spouse, or parent, or other representative) present for the examination, provided that only one of these listed non-attorney persons may attend. No more than three (3) individuals may be present in the examination room at a given time, including Dr. Shim and Plaintiff. Any videographer will set up a stationary camera and monitor from another room. Plaintiff may have someone physically present with her during the examination if she so chooses. Such person may unobtrusively observe the examination, unless the examiner establishes that no other qualified individual in the area would be willing to conduct the examination with such person present. In the case of a neuropsychological exam, all observers shall watch and listen from an adjacent room if available, or by video feed.

8. Neither Defendants' attorney nor any of Defendants' representatives may attend, observe, record or video the exam. Only if a video is identified as impeachment material for use at trial may defense counsel obtain a copy. The medical examiner shall not be entitled to any payment of an additional or accommodation fee from the Plaintiff or her counsel, simply because of the presence of legally permitted third parties. The court shall reserve ruling as to whether such costs, if imposed by an examiner, may be properly recoverable by the Defendants as a taxable cost, or otherwise awarded by the court.

9. If a videotape or digital recording is made of the examination by plaintiff counsel, it is considered work-product, and neither the defense nor the examiner is entitled to a copy, unless and until same is designated as (or reasonably expected to become) trial evidence, subject to discovery only

7

upon a showing of need and undue hardship. Use of the video or DVD is limited specifically to the instant litigation. At the close of litigation, including any appeal, all copies shall be destroyed – unless counsel convinces the court (and an order is entered) that there is some compelling reason for either party, or the examiner, to retain a copy.

10. Neither Plaintiff's counsel, nor anyone else permitted to be present, shall interject themselves into the examination unless the examiner seeks information expressly prohibited by this Order. If Plaintiff's counsel speaks openly or confers privately with the examinee, and this disrupts the exam or causes the examiner to terminate the examination, counsel may be subject to sanctions.

11. The report of the examiner shall be sent to Plaintiff's counsel, unless otherwise agreed between counsel for the parties or ordered by the court.

> 11(a). If the examination involves neuropsychological testing: In addition to the report, the examiner shall provide all raw data, including copies of all notes, tests, test results, scoring and test protocols, to Plaintiff's treating or retained psychologist or neuropsychologist, who must return them to the defense examiner at the conclusion of this case.

12. All protected health information generated or obtained by the examiner shall be kept in accordance with HIPPA requirements and shall not be disseminated by the examiner or defense counsel to any other person or entity not a party to this case without a specific order from this court.

13. Defense counsel must provide the examiner with a copy of this Order and explain the need for the examiner's compliance.

## III. Conclusion

Accordingly, it is **ORDERED**:

(1) Defendants' Motion to Perform Medical Examination (Docs. 48, 57) is **GRANTED**.

(2) Unless otherwise agreed, Plaintiff will submit to a physical examination by Dr. John Shim on **October 27, 2021** at **2:30 p.m EST**, so long as the Covid-19 cases in Florida do not rise above an average of 35,000

cases weekly. And unless otherwise agreed, the location of the examination will take place either at Dr. Shim's office in Oldsmar, Florida or at a defense-provided location in Jacksonville, Florida. The examination will be conducted in compliance with the provisions of this order.

**ORDERED** in Fort Myers, Florida on October 14, 2021.

*(signature)*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE